IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ERIC M. STROEVE, #A6051620, | ) CIV. NO. 19-00191 DKW-KJM |
|---|---|
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| vs. | ) IN PART AND DIRECTING ) SERVICE |
| BEN LOWENTHAL, SHELLY MIYASHIRO, and LANCE YORITA, | ) |
| Defendants. | ) |

Pro se Plaintiff Eric M. Stroeve alleges that Defendants Maui County Deputy Public Defender Ben Lowenthal, Deputy Prosecutor Shelly Miyashiro, and Police Officer Lance Yorita violated his civil rights when Yorita allegedly used excessive force during his arrest, and Lowenthal and Yorita denied him a fair trial. Compl. ECF No. 1. Stroeve also alleges the Maui County Police Department lost his personal property valued at $170 after his arrest.

Stroeve's excessive force claim against Officer Yorita as named in his individual capacity states a claim and shall be served. Officer Yorita is required to file a response after service is effected. 42 U.S.C. § 1997e(g)(2).

Stroeve's remaining claims against Lowenthal, Miyashiro, and Yorita (in his official capacity) are DISMISSED with prejudice, and his lost property claim is DISMISSED without prejudice.

# I. **STATUTORY SCREENING**

The Court must conduct a pre-answer screening of prisoner complaints pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 678

(stating Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of the defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

---

[1] On screening, Stroeve's facts are accepted as true and construed in the light most favorable to him. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("*Nordstrom I*").

**A.     Claims Against Maui County Deputy Prosecutor Miyashiro**

Stroeve alleges that Miyashiro conspired with Yorita to present perjured evidence against him at trial, resulting in Stroeve's conviction for resisting arrest. *See* Compl., ECF No. 1, PageID #7.  He seeks compensatory damages and injunctive relief vacating his convictions.[2]

Prosecutors are absolutely immune from civil suits for damages under § 1983 that challenge activities related to the initiation and presentation of criminal prosecutions.  *Imbler v. Patchtman*, 424 U.S. 409, 424-28, 431 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case).  To the extent Stroeve seeks damages against Miyashiro for actions she took in preparation for or during trial, he fails to state a claim for relief.

To the extent Stroeve seeks an order vacating his convictions based on Miyashiro's alleged prosecutorial misconduct at his trial, those claims are barred until those convictions have been reversed on appeal, expunged, or set aside by

---

[2]Stroeve was convicted in *State v. Stroeve*, 2CPC-17-0000438 (Haw. 2017), of two misdemeanors: (1) resisting arrest with physical force, HRS 710-1026(1)(a); and (2) assault of a law enforcement officer, HRS 707-712.6.  *See* eCourt Kokua,  http://www.courts.state.hi.us/.

state or federal court issuing a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (barring damages actions predicated on an allegedly wrongful conviction until that conviction has been overturned); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (barring declaratory or injunctive relief until the challenged conviction is overturned). When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Wilkinson*, 544 U.S. at 82; *Preiser v. Rodriguez,* 411 U.S. 475 (1973).

Stroeve does not allege that his convictions have been set aside, and his present incarceration at the Halawa Correctional Facility indicates that they have not. Stroeve's damages claims against Deputy Prosecutor Miyashiro are DISMISSED with prejudice. His claims for injunctive relief are DISMISSED without prejudice to raising them *if and then only after* his challenged convictions are overturned, but without leave to amend within this action.

**B.     Claims Against Public Defender Lowenthal**

Stroeve claims that Lowenthal presented false evidence at trial, failed to cross-examine Yorita, and failed to file a timely appeal. It is well established that court-appointed attorneys are not state actors for purposes of Section 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defender who is performing a

5

lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal because the public defender represented the plaintiff's interest during criminal trial, not the state's interests). Stroeve thus fails to state a claim under § 1983 against Lowenthal for actions he took defending Stroeve in his criminal proceedings. Count II is DISMISSED with prejudice.

C. **Excessive Force Claim: Officer Yorita**

Stroeve alleges Yorita beat and suffocated him during his arrest, while Stroeve was handcuffed, kneeling on the ground, and not resisting. Stroeve alleges he suffered lacerations and other injuries.

Claims alleging the use of excessive force during an arrest are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham v. Conner*, 490 U.S. 386, 388 (1989)). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. This "requires careful attention to the facts and circumstances of each

particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* "[T]he most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted).

Stroeve states a colorable Fourth Amendment claim against Officer Yorita in his individual capacity for the use of excessive force, and this claim may be served. Whether these claims are *Heck*-barred is left to adversary proceedings after the Complaint is served.[3]

Stroeve also names Yorita in his official capacity. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Larez v. City of L.A.*, 946 F.2d

---

[3]*See, e.g., Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1046 (9th Cir. 2018) (holding excessive force claim is not *Heck*-barred by conviction for exhibiting a deadly weapon in a threatening manner because conviction could have been based on conduct occurring before police arrived); *Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding *Heck* does not bar excessive force claim "when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction'"); *Smith v. City of Hemet*, 394 F.3d 689, 696-98 (9th Cir. 2005) (holding no *Heck*-bar because excessive force may have been used after plaintiff engaged in the conduct on which his conviction for resisting arrest was based); *but see Curry v. Baca*, 371 F. App'x 733 (9th Cir. 2010) (concluding excessive force claim was *Heck*-barred because "the jury necessarily had to decide that the officers did not use excessive force 'at the time of the arrest.'").

630, 646 (9th Cir. 1991).  Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity."  *Graham*, 473 U.S. at 166.

The Maui County Police Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  It is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  That is, the Maui County Police Department cannot be held liable for Yorita's alleged use of excessive force unless Yorita was following an MPD policy that "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged unconstitutional action was made "pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  *Id.* at 690-91.

Stroeve alleges no facts suggesting that Yorita was following an unconstitutional policy or custom during the incident, and his official capacity claims against Yorita are DISMISSED.

### D. Loss of Property

Stroeve vaguely alleges that the Maui County Police Department "lost three items of [his] property valued at $170" after his arrest. Compl., ECF No. 1, PageID #5. He does not explain what property was lost, where it was last seen, who took it, or what steps he has taken to have it returned. Nor does Stroeve explain how this alleged loss violated his civil rights.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The availability of an adequate state post-deprivation remedy precludes relief, however, because such a remedy provides sufficient procedural due process. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).

Stroeve cannot state a due process claim based on the unauthorized negligent or intentional loss of his property because Hawaii Revised Statutes § 662-2 provides an adequate post-deprivation remedy for Stroeve's alleged loss of property. This claim is DISMISSED without prejudice.

///

///

9

## III. CONCLUSION

(1) Stroeve's excessive force claim against Officer Yorita in his individual capacity states a claim and shall be served as directed below. Officer Yorita is required to file a response after service is effected. 42 U.S.C. § 1997e(g)(2).

(2) Stroeve's claims against Defendants Ben Lowenthal, Shelly Miyashiro, and Officer Yorita in his official capacity are DISMISSED with prejudice

(3) Stroeve's claims alleging the loss of property are DISMISSED without prejudice.

## IV. SERVICE ORDER

(1) The Clerk is directed to send Stroeve a summons for Defendant Maui County Police Officer Lance Yorita, one USM-285 form, two Notice of Lawsuit and Request for Waiver of Service for Summons forms, two Waiver of Service of Summons forms, instructions, and a certified copy of the Complaint. The Clerk shall also send a certified copy of the Complaint and this Order to the U.S. Marshal.

(2) Stroeve SHALL complete these forms for Yorita, addressed to the Maui County Police Department Administrative Office, 55 Mahalani St., Wailuku, HI 96793, and RETURN the forms to the U.S. Marshal.

(3) The U.S. Marshal SHALL mail a copy of the Complaint, this Order, a Notice of Lawsuit and Request for Waiver of Service form, and two Waiver of Service of Summons forms to Defendant Maui County Police Officer Lance Yorita, as directed by Stroeve on the USM Form 285s provided to him. Costs of service are advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(4) Once served, Yorita is DIRECTED to return the Waiver of Service forms **to the U.S. Marshal,** within a reasonable time **not less than thirty days** from the date the requests are mailed, who will file the waivers with the court. If these documents are returned as undeliverable, or if Yorita fails to return the waivers within a reasonable time, the U.S. Marshal shall personally serve the Complaint on Yorita. Any costs incurred in effecting service will be taxed against the personally-served Defendant. Yorita SHALL reply to the Complaint within the time provided by Fed. R. Civ. P. 12(a). *See* 42 U.S.C. § 1997e(g)(2);

(5) After service is perfected and Yorita files a response, Plaintiff's documents are deemed served on parties who participate in the court's Case Management Electronic Case Filing (CM/ECF) system on the date they are docketed. The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

(6) Plaintiff shall immediately notify the court of any change of address. The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. Failure to timely file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: May 9, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Eric M. Stroeve v. Ben Lowenthal, et al; Civil No. 19-00191 DKW-KJM; ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE

*Stroeve v. Lowenthal, et al.*, No. 1:19-cv-00191 DKW-KJM; scrng '19 (abs imm. priv. atty, excv force srvd)