IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ERIC M. STROEVE,<br><br>       Plaintiff,<br><br>   vs.<br><br>LANCE YORITA,<br><br>       Defendant. | Case No. 19-cv-00191-DKW-KJM<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, Eric M. Stroeve, moves for summary judgment on the grounds that the defendant, Lance Yorita, is "not telling the truth[,]" the facts must be construed in plaintiff's favor, and, although there is "competing testimony" in this case, the conflicts "tip" in plaintiff's favor. As will be briefly explained, below, because the Court cannot construe the evidence in the manner plaintiff desires on his motion for summary judgment, the instant motion seeking such relief is DENIED.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When the moving party bears the burden of proof, he "must come forward with evidence which would entitle [him] to a directed verdict if the evidence went

uncontroverted….." *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). Here, this means that plaintiff "must establish beyond controversy every essential element" of his claim. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (quotation omitted). In assessing a motion for summary judgment, all facts are construed in the light most favorable to the *non-moving* party. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## DISCUSSION[1]

The principal and critical deficiency in Stroeve's motion for summary judgment is his belief that "the court is obligated to construe the facts in the light most favorable to the plaintiff…." Dkt. No. 44 at 4. That is not true. Instead, a court must construe the facts in the light most favorable to the *non-moving* party. *See Genzler*, 410 F.3d at 636. While this meant that when *defendant* filed a motion for summary judgment, the Court construed the facts in the light most favorable to plaintiff, *see* Dkt. No. 35 at 14, when *plaintiff* files a motion for summary judgment, such as the instant motion, the Court must construe the facts in the light most favorable to defendant. Moreover, on a motion for summary judgment, a court cannot weigh the evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury

---

[1] The factual and procedural background of this case is set forth in the Court's recent February 10, 2020 Order, Dkt. No. 35 at 2-7, and the same is adopted herein by reference.

functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Here, in essence, plaintiff asks the Court to do *everything* that is not permitted at this juncture in the proceedings. When the Court declines to do so, the record reflects that the parties dispute the facts that pertain to plaintiff's remaining claim of excessive force. Notably, while plaintiff contends that defendant struck him with a baton and attempted to suffocate him, Dkt. No. 44 at 2, defendant disputes both of these allegations, *see* Dkt. No. 50 at ¶¶ 1-2. Given that these events are the principal bases for plaintiff's excessive force claim, *see* Dkt. No. 1 at 5, the Court simply cannot grant plaintiff summary judgment with such facts in dispute.[2]

Accordingly, the motion for summary judgment is DENIED.

## **CONCLUSION**

For the reasons set forth herein, the motion for summary judgment, Dkt. No. 44, is DENIED.

---

[2]In addition, the Court notes that plaintiff fails to provide any *evidence* in support of his version of events, including by failing to file the required concise statement of facts. *See generally* Dkt. No. 44 and LR56.1(a).

3

IT IS SO ORDERED.

DATED: June 12, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Stroeve v. Yorita*; Case No. 19-cv-00191-DKW-KJM; **ORDER DENYING MOTION FOR SUMMARY JUDGMENT**